## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

PETER KAROFTIS,

                                        Hon.

        Plaintiff,                         Case No.

v.

PATIENT ACCOUNT SERVICES, LLC

        Defendant.

---

## COMPLAINT AND DEMAND FOR JURY

Plaintiff, **Peter Karoftis** (Plaintiff), by and through counsel, brings this action against the above listed Defendants, Patient Account Services, LLC on the grounds and in the amounts set forth herein:

## I. PRELIMINARY STATEMENT

The plaintiff brings this action for damages based upon the Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq,* and The Florida Consumer Collection Practices Act (FCCPA), 559.55 et seq.  and seeks actual damages, costs and attorneys fees.

## II. PARTIES

1.

The plaintiff is a natural person and consumer, a resident of Pasco County, Florida, and a consumer as defined by 15 U.S.C. 1692a(3)  and Florida Statutes, Sections 559.55 (2).

2.

The Defendant PATIENT ACCOUNT SERVICES, LLC is a For-Profit Corporation with

its registered agent located in the State of Florida and the actions in this case taking place at Plaintiff's home in the City of Port Richey, Pasco County, Florida.

3.

The Defendant is a debt collector engaged in the collection of debts from consumers using the mail and telephone and has a resident agent in Tallahassee, Florida. The Defendant regularly attempts to collect consumer debts alleged to be due another and are debt collectors as provided in 15 U.S.C. 1692a(6) and FCCPA, 559.55 (6).

## III. JURISDICTION AND VENUE

4.

This court has subject matter jurisdiction over this Complaint pursuant to FDCPA, 15 U.S.C. 1692 *et seq.* and The Florida Consumer Collection Practices Act (FCCPA), 559.55 et seq. The venue is proper in any court of competent jurisdiction under 15 U.S.C. 1692k(d).

## IV. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

5.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. 1692.

6.

Under the FDCPA, a consumer is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. 1692a(3).

7.

Under the FDCPA,  a debt means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. 1692a(5).

8.

Under the FDCPA, a debt collector is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. 1692a(6).

9.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. 1692e.

10.

A debt collector may not violate the FCCPA, Florida Statutes, Sections 559.72(9) by contacting the consumer with false payment and balance information.

11.

Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorneys fees as determined by the Court and costs of this action. 15 U.S.C. 1692k.

## FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA)

12.

The Florida Consumer Collection Practices Act (FCCPA), 559.55 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain

state agencies; and to provide penalties and civil fines.

13.

A Debt Collector means any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term "debt collector" includes any creditor who, in the process of collecting her or his own debts, uses any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debts. Florida Statutes, Sections 559.55 (6).

14.

"Debtor" or "consumer" means any natural person obligated or allegedly obligated to pay any debt. Florida Statutes, Sections 559.55 (2).

15.

"Debt" or "consumer debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Florida Statutes, Sections 559.55 (1).

16.

Prohibited acts by debt collectors or collection agencies under Florida Statutes, Sections 559.72, include:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be

expected to abuse or harass the debtor or any member of her or his family; and

(9) Claim, attempt, or threaten to enforce a debt when such person knows

that the debt is not legitimate or assert the existence of some other legal right

when such person knows that the right does not exist;.

17.

Under Florida Consumer Collection Practices Act, 559.77 et seq.(1 and 2) A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.  In an action brought pursuant to subsection (1and 2), in determining the Defendant's liability for any additional statutory damages, the court shall consider the nature of the Defendant's noncompliance with 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

**V. FACTUAL ALLEGATIONS**

18.

Plaintiff realleges the above pleadings.

19.

Plaintiff is receiving calls from Defendants' representatives in regards to the collection of an alleged debt and amount that Plaintiff does not owe to a current or original creditor Plaintiff does not owe.   **Please see attached Exhibit No. 1**. Plaintiff has received nothing in writing from Defendant since the first calls to his phone number.

20.

As Mr. Karoftis has no idea who Defendant is or what debt they have the right to collect

for, he sent the Plaintiff a validation and cease and desist request to Defendant under the FDCPA. Defendant received the validation and cease and desist request on August 26, 2014. **Please see attached Exhibit No. 2**.

21.

Defendant is continuing to call Plaintiff and has ignored Mr. Karoftis's desire to have Defendant validate the debt and cease and desist until they do. **Please see attached Exhibit No. 3**.

22.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA and FCCPA.

**VI. CAUSES OF ACTION**

**CLAIM AGAINST DEFENDANTS UNDER THE FDCPA AND FCCPA**

23.

Plaintiff realleges the above pleadings.

24.

The Defendant Resurgent Capital Services, LP has violated the FDCPA, 15 U.S.C. 1692e (10) by the use of false representations and deceptive means in pursuing Plaintiff for a debt as shown above.

25.

Defendant Resurgent has violated the FDCPA, 15 U.S.C. 1692d by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt as pled above.

26.

Defendant has violated the FDCPA, 15 U.S.C. 1692g(a)(b) where Defendant has not provided Plaintiff his mini Miranda rights to dispute or have the debt validated or verified.

27.

Defendant has violated the FDCPA, 15 U.S.C. 1692g(b) by contacting Plaintiff after receiving the demand for validation without first validating the debt.

**Please see attached Exhibit No. 1, 2 and 3**.

28.

Defendant has violated the FDCPA, 15 U.S.C. 1692g(a) by not supplying the Plaintiff with his validation rights within five days of the original contact by phone.

**Please see attached Exhibit No. 1**.

29.

Defendant has violated the FCCPA, 559.72(9) with the claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist;.

30.

Defendant has violated the FCCPA, 559.72(7) by willfully harassing Plaintiff with repeated contact regarding a debt Defendant knows not to be legitimate.

31.

Defendant has violated the FCCPA, 559.72((6) by disclosing information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact. If

a disclosure is made prior to such reasonable dispute having been asserted and written notice is received from the debtor that any part of the debt is disputed and if such dispute is reasonable, the person who made the original disclosure shall reveal upon the request of the debtor within 30 days the details of the dispute to each person to whom disclosure of the debt without notice of the dispute was made within the preceding 90 days;

32.

Under the FCCPA, the Defendants shall be liable for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the Defendant's liability for any additional statutory damages, the court shall consider the nature of the Defendant's noncompliance with s. 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

33.

As a result of the actions of Defendants, Plaintiff hired the undersigned counsel. Counsel has been an attorney in good standing for almost 20 years and has handled thousands of consumer cases, personally. Counsel is known in his field of a consumer advocate and a competent, experienced consumer trial attorney. As a result, counsel's time is billed at the reasonable rate of $350.00 an hour.

34.

Plaintiff seeks judgment against the Defendants in whatever amount that Plaintiff is entitled including actual damages, consequential damages, punitive damages and the costs and expenses of this action under the FDCPA and FCCPA.

**VII. PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that the Court grants the following relief against the Defendant:

1.      For compensatory damages;

2.      For statutory damages under the FDCPA and FCCPA;

3.      For $1,000 and actual damages under 559.72;

4.      For attorney's fees and costs incurred in this action under the FDCPA and FCCPA;

5.      For Actual Damages under the FDCPA and FCCPA, and

6.      For such other and further relief as the Court may deem just and proper.


## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

This September 16, 2014

                                        Respectfully submitted,

                                        /s/Brian P. Parker_____
                                        BRIAN P. PARKER (0980668)
                                        Attorney for Plaintiff